UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, and DOES 1–10,<br><br>        Defendants. | Case No.: 23-cv-398-L-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**[ECF No. 5]** |

Pending before the Court is Defendant The Hershey Company's ("Defendant") motion to dismiss Plaintiff Rebeka Rodriguez's ("Plaintiff") complaint. (ECF No. 5.) Plaintiff opposed, (ECF No. 7), and Defendant replied, (ECF No. 9). The Court decides the matter on the papers submitted without oral argument. *See* Civ. LR 7.1(d.1). For the reasons set forth below, Defendant's motion to dismiss is granted.

**I. INTRODUCTION**

According to the allegations in the complaint, Defendant manufactures and sells chocolate and other snacking products. (ECF No. 1, Compl., at 2.) Defendant maintains the website www.thehersheycompany.com. (*Id.*) Plaintiff is an "individual consumer advocate" who viewed a video titled "Say Hola" on Defendant's website in February 2023. (*Id.* at 2, 15.) Defendant uses a Facebook feature called "custom audiences" that enables advertisers like Defendant to identify individuals who have already shown interest in their business. (*Id.* at 3.) This feature requires advertisers to supply user data to Facebook through a tool called Facebook Tracking Pixel. (*Id.*) The complaint suggests that Defendant employs the Facebook Tracking Pixel on its website where once activated, it captured Plaintiff's user action and sent a record to Facebook. (*Id.* at 15.) Plaintiff's viewing behavior of the "Say Hola" video was thus disclosed to Facebook by Defendant.

(*Id.*)  Plaintiff thereafter filed this nationwide class action alleging a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. §§ 2701–2713.

## II.   LEGAL STANDARD

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint.[1]  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III.  DISCUSSION

The VPPA makes liable any "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such

---

[1] All requests for judicial notice of material not relied upon by the Court are denied.  Plaintiff's evidentiary objection, (ECF No. 7-7), is denied as the Court only looks to the allegations in the complaint when considering a 12(b)(6) motion.

provider." 18 U.S.C. § 2710(b)(1).  It follows that to plead a plausible claim for violation of the VPPA, Plaintiff must first show that Defendant is a "video tape service provider." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015).  Plaintiff fails to do so here.

      Defendant is "an American multinational company and one of the largest chocolate manufacturers in the world" in addition to manufacturing baked products and selling beverages like milkshakes. (ECF No. 1, at 2.)  Plaintiff alleges that Defendant's "business model involves persuading potential customers to try their products via the use of persuasive marketing videos" and that Defendant "create[s], host[s], and deliver[s] videos" on its website. (*Id.* at 5, 19.)  So, Plaintiff says, Defendant is a "video tape service provider" for purposes of the VPPA.  (*Id.* at 5.)

      Under the statute, a "video tape service provider" is "any person[] engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." *Id.* § 2710(a)(4).  "When used in this context, 'business' connotes 'a particular field of endeavor,' i.e., a focus of the defendant's work." *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017) (citing various dictionary definitions).  Plaintiff does not set forth any facts suggesting that the delivery of audiovisual material, regardless of medium, is a focus of Defendant's business.  The allegation that Defendant uses videos to market their product indicates that delivering audiovisual material is ancillary to Defendant's true business purposes.  This finding is bolstered by Plaintiff's own language that Defendant's business model merely "*involves*" marketing through the use of videos rather than being tailored to serve the purpose of delivering videos. (*See* ECF No. 1, at 5.)  At bottom, the videos on Defendant's website are part of Defendant's brand awareness and are not Defendant's particular field of endeavor.  Plaintiff has failed to adequately allege that Defendant is a video tape service provider and therefore cannot state a claim for violation of the VPPA.  Defendant's motion to dismiss is granted without leave to amend as the Court finds that no amendment would allege sufficient facts to support a plausible cause of action that Defendant is a video tape service provider. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** without leave to amend. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 12, 2023

_____
Hon. M. James Lorenz
United States District Judge